**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
karl@kr.law
Katherine E. Hollist (admitted *pro hac vice*)
kate@kr.law
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

**POLLOCK COHEN LLP**
Raphael Janove (admitted *pro hac vice*)
rafi@pollockcohen.com
Adam Pollock (admitted *pro hac vice*)
adam@pollockcohen.com
111 Broadway, Suite 1804
New York, NY 10006
Telephone: (212) 337-5361

**JAY KUMAR LAW**
Jay Kumar
jay@jaykumarlaw.com (admitted *pro hac vice*)
73 W. Monroe Street, Suite 100
Chicago, IL 60603
Telephone: (312) 767-7903

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| **CHARISSA KEEBAUGH, STEPHANIE NEVEU, HEATHER MERCIERI, SOPHIA NICHOLSON,** and **P.W.**, by and through **JOIE WEIHER**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**WARNER BROS. ENTERTAINMENT INC.**, a Delaware corporation,<br><br>Defendant. | Case No. 2:22-cv-01272-MEMF (AGRx)<br><br>**DECLARATION OF RAPHAEL JANOVE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br>Date: October 6, 2022<br>Time: 10:00 a.m.<br>Before: Hon. Maame Ewusi-Mensah Frimpong<br>Ctrm.: 8B |

1. RAPHAEL JANOVE declares under penalty of perjury of the laws of the United States as follows.

2. 1. I am an attorney and counsel of record for Plaintiffs in the above-captioned action. I make this declaration in support of Plaintiffs' Opposition to Defendant's Motion to Compel Arbitration and Stay Proceedings.

3. 2. I have personal knowledge of the matters set forth herein and am competent to testify upon them if called upon to do so.

4. 3. Attached as Exhibit A is a true and correct copy of email correspondence between counsel for the Parties, dated July 11-19, 2022.

5. 4. Attached as Exhibit B is a true and correct copy of email correspondence, with highlighting added, between counsel for the Parties regarding the provision of player IDs, as referenced in Exhibit A, dated June 3-10, 2022.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 21, 2022 in Portland, Oregon.

By: _____
RAPHAEL JANOVE

# EXHIBIT A

**Jasper Eagleton**

| | |
|---|---|
| **From:** | Fuster, Patrick J. <PFuster@gibsondunn.com> |
| **Sent:** | Tuesday, July 19, 2022 6:50 PM |
| **To:** | Raphael Janove |
| **Cc:** | Smith, Jeremy S.; Chorba, Christopher; Karl Kronenberger; Kate Hollist; Jay Kumar; Jordan Marcus; Adam Pollock |
| **Subject:** | RE: Keebaugh v. Warner Bros - 22-cv-1272 |

Hi Rafi,

We disagree with your characterization of our motion and our prior correspondence about the display names, which speaks for itself.  While I appreciate the offer to chat, I agree that we have nothing left to discuss at the moment.

Thanks,
Patrick


**Patrick J. Fuster**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7117 • Fax +1 213.229.6117
PFuster@gibsondunn.com • www.gibsondunn.com


**From:** Raphael Janove <rafi@pollockcohen.com>
**Sent:** Tuesday, July 19, 2022 3:01 PM
**To:** Fuster, Patrick J. <PFuster@gibsondunn.com>
**Cc:** Smith, Jeremy S. <JSSmith@gibsondunn.com>; Chorba, Christopher <CChorba@gibsondunn.com>; Karl Kronenberger <karl@krinternetlaw.com>; Kate Hollist <kate@krinternetlaw.com>; Jay Kumar <jay@jaykumarlaw.com>; Jordan Marcus <jordan@pollockcohen.com>; Adam Pollock <Adam@pollockcohen.com>
**Subject:** Re: Keebaugh v. Warner Bros - 22-cv-1272

**[WARNING: External Email]**

Hi Patrick,

We weren't asking for different graphics, but instead wanted to know what date range(s) Exhibits 5,6,7 were displayed to players. The Woldman Declaration is silent as to dates, though your Motion is not.

The Judge can decide whether Defendant carried its evidentiary burden, but Plaintiffs do not need additional information about specific graphic images.  Whether it was Tyrion Lannister or the dragons used as the background art, Defendants' Motion to Compel fails as to each and every plaintiff.

That said, for the purposes of our opposition, we are assuming that Exhibit 5 was displayed until December 2019 and that at that point, what you term the "sign-in flow" changed, too.

Lastly, I'm a bit surprised about your inaccurate--and I believe unfair--characterization of the issue of player IDs. We are not "withholding" nor are "continu[ing] to withhold" this information. We offered it to you before you filed the Motion. But you declined

and filed the Motion with the factual support you deemed sufficient to carry Defendant's burden. And the information we requested after you filed the Motion does not require the user IDs, either.

I think there's nothing left to discuss on this issue and Plaintiffs will file the opposition on Thursday. However, I'm happy to chat if you'd like. I'm free for the next couple of hours.

Best,

Rafi

On Tue, Jul 19, 2022 at 2:43 PM Fuster, Patrick J. <PFuster@gibsondunn.com> wrote:

> Hi Rafi,
>
> Just following up on our email from last Wednesday.  To be clear, we do not believe that the background art is relevant to the motion to compel arbitration.  Your clients necessarily completed at least one of two sign-in flows to access *GOTC*.  We accurately represented both sign-in flows, including their layout and text, which was the issue in the two cases you cited below.  See *In re Stubhub Refund Litig.*, 2021 WL 5447006, at *8 (N.D. Cal. Nov. 22, 2021); *Snow v. Eventbrite, Inc.*, 2020 WL 6135990, at *5 (N.D. Cal. Oct. 19, 2020).  And our filings also explained that "the graphic art varied over time." Woldman Decl. ¶ 7, Dkt. 41-1.
>
> Still, we remain willing to provide you the background art.  But we reiterate that we cannot determine the specific background art that the plaintiffs would have seen if you continue to withhold your clients' current or last-used display names.  By withholding this basic information, you are, in effect, forcing the defendant to litigate this case without knowing who the plaintiff is.  Again, we don't believe this affects the motion to compel arbitration, because our motion identified all of the applicable sign-in flows during the relevant time period and established that all players had to agree to the arbitration clause before playing the game.  But if you want this information, then we need the display names to give you exactly what you've requested.
>
> Please let me know if you'd like to discuss more in advance of filing your opposition on Thursday.
>
> Best,
>
> Patrick
>
> **Patrick J. Fuster**
>
> # GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7117 • Fax +1 213.229.6117
PFuster@gibsondunn.com • www.gibsondunn.com

---

**From:** Fuster, Patrick J. <PFuster@gibsondunn.com>
**Sent:** Wednesday, July 13, 2022 6:50 PM
**To:** Raphael Janove <rafi@pollockcohen.com>
**Cc:** Smith, Jeremy S. <JSSmith@gibsondunn.com>; Chorba, Christopher <CChorba@gibsondunn.com>; Karl Kronenberger <karl@krinternetlaw.com>; Kate Hollist <kate@krinternetlaw.com>; Jay Kumar <jay@jaykumarlaw.com>; Jordan Marcus <jordan@pollockcohen.com>; Adam Pollock <Adam@pollockcohen.com>
**Subject:** RE: Keebaugh v. Warner Bros - 22-cv-1272


We can share with you that, according to a preliminary review of our records, the affirmation language changed from the "I agree" language (the left image in the motion) to the "I accept" language (the right image in the motion) on or about December 19, 2019. (You'll see that your quotes below line up with the approximate date on which the screen changed.) But the background art varied from time to time. To research the background art for the correct date, we need the player IDs to confirm the date on which they first logged into the game.


Let me know if you have more questions.


**Patrick J. Fuster**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7117 • Fax +1 213.229.6117
PFuster@gibsondunn.com • www.gibsondunn.com



**From:** Raphael Janove <rafi@pollockcohen.com>
**Sent:** Wednesday, July 13, 2022 5:28 PM
**To:** Fuster, Patrick J. <PFuster@gibsondunn.com>
**Cc:** Smith, Jeremy S. <JSSmith@gibsondunn.com>; Chorba, Christopher <CChorba@gibsondunn.com>; Karl Kronenberger <karl@krinternetlaw.com>; Kate Hollist <kate@krinternetlaw.com>; Jay Kumar <jay@jaykumarlaw.com>; Jordan Marcus <jordan@pollockcohen.com>; Adam Pollock <Adam@pollockcohen.com>
**Subject:** Re: Keebaugh v. Warner Bros - 22-cv-1272


**[WARNING: External Email]**

Hi Patrick,

3
Exhibit A - 5

Sorry, but I'm a little confused and hopefully you can clarify.

It was our understanding from the Parties' correspondence on June 7 & 8, 2022, that, although Warner Bros. had initially expressed interest in the player IDs, it ultimately decided those were not needed for the Motion.  Also, it appears that Warner Bros. already knows when these sign-up screens were displayed.

For instance, the Motion states that the sign-up screen in Woldman Decl. Exhibit 5 was in place between July 2018 and June 2019, even though there is no factual support for this in the Woldman declaration. *See* Mot. at 3 ("Ms. Mercieri and Ms. Neveu allege that they began playing Game of Thrones: Conquest in July 2018 and June 2019, respectively. . . .  At those times, players could not access the game without first completing the sign-in process by clicking 'Play' on the **screen shown on the left above**."). Similarly, the Motion states that Exhibit 7--the one that puzzlingly is labeled "Development Build"-- was available at least between May 2020 and June 2020, once again without factual support. *See id.* at 4 ("Ms. Keebaugh and Ms. Nicholson allege that they began playing Game of Thrones: Conquest in May 2020 and June 2020, respectively. . . .  At that time, players could not access the game without first completing the sign-in process by clicking the "Play" button on the **screen shown on the right above**.").

So it seems like Warner Bros. can easily provide the information requested.  Please let me know if I'm missing something.

Thanks,

Rafi

On Wed, Jul 13, 2022 at 5:19 PM Fuster, Patrick J. <PFuster@gibsondunn.com> wrote:

> Rafi,
>
> I appreciate you reaching out in advance of the opposition.  As you know, we asked for your clients' current (or last-used) display names so that we could trace them to the underlying user IDs associated with the account.  We're willing to exchange more specific information about the sign-in screens if you provide what we need to try to locate that information—it's not as simple as just giving general date ranges.
>
> Please let us know if you're willing to give us the information we need to accommodate your request.

Thanks,

Patrick

**Patrick J. Fuster**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7117 • Fax +1 213.229.6117
PFuster@gibsondunn.com • www.gibsondunn.com

**From:** Raphael Janove <rafi@pollockcohen.com>
**Sent:** Monday, July 11, 2022 10:16 AM
**To:** Smith, Jeremy S. <JSSmith@gibsondunn.com>; Chorba, Christopher <CChorba@gibsondunn.com>; Fuster, Patrick J. <PFuster@gibsondunn.com>
**Cc:** Karl Kronenberger <karl@krinternetlaw.com>; Kate Hollist <kate@krinternetlaw.com>; Jay Kumar <jay@jaykumarlaw.com>; Jordan Marcus <jordan@pollockcohen.com>; Adam Pollock <Adam@pollockcohen.com>
**Subject:** Keebaugh v. Warner Bros - 22-cv-1272

**[WARNING: External Email]**

Hi Patrick,

Can you please let us know when the sign-up screens in the Woldman Declaration were used in the GOTC application, and which date ranges? We'd like to know which sign-up screens were actually made available to Plaintiffs, particularly given the differences between Exhibit 5, on one hand, and Exhibits 6&7 on the other, and that Exhibit 7 states "Development Build."

We'd prefer to resolve this factual issue now, before raising it in our opposition. *See, e.g., In re Stubhub Refund Litig.*, 2021 WL 5447006, at *8 (N.D. Cal. Nov. 22, 2021) ("Because the Court does not know what sign-up screen these eight Plaintiffs saw when they registered, the Court cannot adequately assess whether they received constructive notice of the User Agreement when they signed up with StubHub."); *Snow v. Eventbrite, Inc.*, 2020 WL 6135990, at *5 (N.D. Cal. Oct. 19, 2020) ("Eventbrite's first problem is broad and extends to all of its evidence. This motion turns on whether or not the plaintiffs were on inquiry notice based on online agreements. Yet the evidence Eventbrite offers does not demonstrate what versions of the sign-in wrap agreements the plaintiffs would have seen during the relevant time period.").

Please let us know if and when you will provide the requested information, and if Warner Bros. will amend its filings.

Best,

Rafi

--

**Raphael Janove**
Associate
o: (215) 667-8607
rafi@pollockcohen.com
*Pronouns: he/him/his*

**Pollock | Cohen LLP**
111 Broadway, Ste. 1804; New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl.; Philadelphia, PA 19103

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

# EXHIBIT B

**Jasper Eagleton**

| | |
|---|---|
| **From:** | Kate Hollist |
| **Sent:** | Friday, June 10, 2022 1:31 PM |
| **To:** | Fuster, Patrick J.; Smith, Jeremy S.; Karl Kronenberger; jay@jaykumarlaw.com; Raphael Janove; Adam Pollock |
| **Cc:** | Chorba, Christopher |
| **Subject:** | RE: Keebaugh v. Warner Bros. - Meet and Confer |

Hi Patrick,

To clarify, we will not oppose your request to set a further responsive pleading deadline following disposition of the MTC. You may affix Karl's signature.

Thank you,

Kate

---

**From:** Fuster, Patrick J. <PFuster@gibsondunn.com>
**Sent:** Friday, June 10, 2022 11:20 AM
**To:** Kate Hollist <kate@krinternetlaw.com>; Smith, Jeremy S. <JSSmith@gibsondunn.com>; Karl Kronenberger <karl@krinternetlaw.com>; jay@jaykumarlaw.com; Raphael Janove <rafi@pollockcohen.com>; Adam Pollock <Adam@pollockcohen.com>
**Cc:** Chorba, Christopher <CChorba@gibsondunn.com>
**Subject:** RE: Keebaugh v. Warner Bros. - Meet and Confer

Hi Kate,

I'm writing to follow up on the questions below—specifically, (1) asking we have authorization to add Karl's signature to the briefing schedule stip and (2) confirming that you oppose our request to set a further responsive pleading deadline following the disposition of the motion to compel. I've reattached the stip here.

Thank you!

Patrick J. Fuster

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7117 • Fax +1 213.229.6117
PFuster@gibsondunn.com • www.gibsondunn.com

---

**From:** Fuster, Patrick J. <PFuster@gibsondunn.com>
**Sent:** Wednesday, June 8, 2022 5:32 PM
**To:** Kate Hollist <kate@krinternetlaw.com>; Smith, Jeremy S. <JSSmith@gibsondunn.com>; Karl Kronenberger <karl@krinternetlaw.com>; jay@jaykumarlaw.com; Raphael Janove <rafi@pollockcohen.com>; Adam Pollock <Adam@pollockcohen.com>

1

**Cc:** Chorba, Christopher <CChorba@gibsondunn.com>
**Subject:** RE: Keebaugh v. Warner Bros. - Meet and Confer

Hi Kate,

1. August 25 works for us too.  Given that hearing date, I've proposed a revised briefing schedule that gives both of us additional time on the briefs and pushes the opposition after your busy week.  Those changes are reflected in the attached.  Please let us know if the draft is acceptable and if we have authorization to add your signature.

2. With regard to our responsive deadline, by "that works for us" do you mean that we should go forward with the opposed motion to set a further responsive pleading deadline?

3. Thank you for clarifying about the minor-specific arguments.  We're ready to move forward with the motion to compel, but are willing to revisit the exchange of information before you file your opposition.


Patrick J. Fuster

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7117 • Fax +1 213.229.6117
PFuster@gibsondunn.com • www.gibsondunn.com

---

**From:** Kate Hollist <kate@krinternetlaw.com>
**Sent:** Wednesday, June 8, 2022 12:38 PM
**To:** Fuster, Patrick J. <PFuster@gibsondunn.com>; Smith, Jeremy S. <JSSmith@gibsondunn.com>; Karl Kronenberger <karl@krinternetlaw.com>; jay@jaykumarlaw.com; Raphael Janove <rafi@pollockcohen.com>; Adam Pollock <Adam@pollockcohen.com>
**Cc:** Chorba, Christopher <CChorba@gibsondunn.com>
**Subject:** RE: Keebaugh v. Warner Bros. - Meet and Confer

**[WARNING: External Email]**

Hi Patrick,

Thanks for your response. A hearing date of August 25 works better on our end (Karl and I will be attending mediation on the east coast July 12-13, and anticipate flying back on July 14, so it won't be doable for us to file our opposition that day).

We understand your position re: briefing for the MTD; that works for us.

As for the IDs, thank you for clarifying that WB's position is not a fact-intensive one. However, I do want to be clear that we intend to raise minor-specific arguments in our briefing. If this means that you will require the minor's ID number for your own briefing, we're happy to provide that, provided that in exchange you produce to us: (1) any records associated with that ID number that you contend bind the minor to an agreement to arbitrate; and (2) the audiotracks for the sign-in screens, as described below.

Let us know if that works for you.

Best,

Kate

**From:** Fuster, Patrick J. <PFuster@gibsondunn.com>
**Sent:** Wednesday, June 8, 2022 11:17 AM
**To:** Kate Hollist <kate@krinternetlaw.com>; Smith, Jeremy S. <JSSmith@gibsondunn.com>; Karl Kronenberger <karl@krinternetlaw.com>; jay@jaykumarlaw.com; Raphael Janove <rafi@pollockcohen.com>
**Cc:** Chorba, Christopher <CChorba@gibsondunn.com>
**Subject:** RE: Keebaugh v. Warner Bros. - Meet and Confer

Kate,

Thanks for getting back to us. I realize now that there may have been some confusion at the meet and confer. We asked for player IDs in the event that the opposition would raise minor-specific issues, but that doesn't seem to be your intention. We too don't want or need the motion to be heavily fact-based, and we're comfortable filing on the current deadline, Monday, without the player IDs.

We would still like to work with you on a schedule that accommodates hearing availability and gives both sides enough time to brief the opposition and reply. You proposed a Tuesday for the hearing date, but Judge Frimpong hears her civil law and motion calendar on Thursday mornings. We've proposed August 18, but let us know if August 25 or some other date works better.

As to the responsive deadline, our position remains that we can file a motion to compel in lieu of a 12(b) motion or answer. *See, e.g., Conrad v. Phone Directories Co.*, 585 F.3d 1376, 1383 n.2 (10th Cir. 2009) ("If a party files a motion under FAA §§ 3 and 4, that motion is denied by the court, and the denial is affirmed on interlocutory appeal, nothing prevents that party from then filing a Rule 12 motion to dismiss."). We will not agree to parallel briefing because we would lose the benefit of our arbitration agreement if we're forced to brief the merits while the motion to compel is pending. The question is whether we file a responsive pleading within the default 14-day period following a final ruling on the motion to compel or if you accommodate our request for 28 days. If you still oppose this request, we're prepared to file a motion requesting the Court to set the deadline at 28 days.

Best,
Patrick


**Patrick J. Fuster**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7117 • Fax +1 213.229.6117
PFuster@gibsondunn.com • www.gibsondunn.com


**From:** Kate Hollist <kate@krinternetlaw.com>
**Sent:** Tuesday, June 7, 2022 4:18 PM
**To:** Smith, Jeremy S. <JSSmith@gibsondunn.com>; Karl Kronenberger <karl@krinternetlaw.com>; jay@jaykumarlaw.com; Raphael Janove <rafi@pollockcohen.com>
**Cc:** Chorba, Christopher <CChorba@gibsondunn.com>; Fuster, Patrick J. <PFuster@gibsondunn.com>
**Subject:** RE: Keebaugh v. Warner Bros. - Meet and Confer

**[WARNING: External Email]**

Jeremy and Patrick,

Thank you for your patience. Please find attached our redlined changes. For scheduling reasons, we've proposed August 23 as the date for the MTC hearing, and have based our filings deadlines off that, but let us know if that won't work for you.

The biggest change you'll see is that we included a deadline of Oct 24th (60 days after the proposed hearing on the MTC) for Defendant to file its response to the FAC, in the event the judge hasn't issued a ruling on the MTC by then. While we're happy to postpone that deadline significantly in the hopes of obtaining clarity from the Court on the MTC in the meantime, we do not want to be in a position of waiting twelve months for a ruling on the MTC, only to then begin a *second* twelve-month timer for a ruling on the newly-briefed MTD. Let us know whether this is agreeable to you.

As for the player IDs of the named Plaintiffs, we are willing to provide those, subject to a few conditions:

1. By seven days prior to filing Defendant's MTC, you supply us with copies of any factual information/documents on which you plan to rely in advancing your MTC arguments, specifically including (but not limited to) any records WB contends support its claim that our clients consented to arbitrate this dispute;
2. By the date of filing Defendant's MTC, you provide us with copies of the audiotrack(s) played in the Game of Thrones: Conquest mobile app on any user sign-in screen on which WB claims the user provides agreement to arbitrate; and
3. In the event that WB's MTC relies heavily on fact-based arguments, where Plaintiffs lack access to the relevant facts necessary to rebut these arguments, that WB cooperate with Plaintiffs' efforts to obtain the information needed to rebut such arguments (including, as necessary, working with us on deadlines and/or potentially some limited-scope discovery). This is another reason why we need the factual background documents/information prior to Defendant's MTC deadline—so we can quickly determine whether Plaintiffs need any additional clarification or information.

Please advise whether you and WB are amenable to these conditions so that all parties will be in a position to litigate the MTC.

Best,

Kate

---

**From:** Smith, Jeremy S. <JSSmith@gibsondunn.com>
**Sent:** Tuesday, June 7, 2022 8:49 AM
**To:** Karl Kronenberger <karl@krinternetlaw.com>; Kate Hollist <kate@krinternetlaw.com>; jay@jaykumarlaw.com
**Cc:** Chorba, Christopher <CChorba@gibsondunn.com>; Fuster, Patrick J. <PFuster@gibsondunn.com>
**Subject:** RE: Keebaugh v. Warner Bros. - Meet and Confer

Thank you, Karl.


Jeremy S. Smith

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7973 • Fax +1 213.229.6973
JSSmith@gibsondunn.com • www.gibsondunn.com

**From:** Karl Kronenberger <karl@krinternetlaw.com>
**Sent:** Tuesday, June 7, 2022 8:48 AM
**To:** Smith, Jeremy S. <JSSmith@gibsondunn.com>; Kate Hollist <kate@krinternetlaw.com>; jay@jaykumarlaw.com
**Cc:** Chorba, Christopher <CChorba@gibsondunn.com>; Fuster, Patrick J. <PFuster@gibsondunn.com>
**Subject:** RE: Keebaugh v. Warner Bros. - Meet and Confer

**[WARNING: External Email]**

Hi Jeremy,

We will get back to you later today.

Very best,

Karl

---

**From:** Smith, Jeremy S. <JSSmith@gibsondunn.com>
**Sent:** Tuesday, June 7, 2022 8:33 AM
**To:** Karl Kronenberger <karl@krinternetlaw.com>; Kate Hollist <kate@krinternetlaw.com>; jay@jaykumarlaw.com
**Cc:** Chorba, Christopher <CChorba@gibsondunn.com>; Fuster, Patrick J. <PFuster@gibsondunn.com>
**Subject:** RE: Keebaugh v. Warner Bros. - Meet and Confer

Good morning Karl, Kate, and Jay,

I just wanted to check in on our request for the user IDs and proposed schedule.

Thank you,

Jeremy


**Jeremy S. Smith**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7973 • Fax +1 213.229.6973
JSSmith@gibsondunn.com • www.gibsondunn.com

---

**From:** Smith, Jeremy S. <>
**Sent:** Friday, June 3, 2022 6:00 PM
**To:** Karl Kronenberger <karl@krinternetlaw.com>; Kate Hollist <kate@krinternetlaw.com>; 'jay@jaykumarlaw.com' <jay@jaykumarlaw.com>
**Cc:** Chorba, Christopher <CChorba@gibsondunn.com>; Fuster, Patrick J. <PFuster@gibsondunn.com>
**Subject:** RE: Keebaugh v. Warner Bros. - Meet and Confer

Hi Karl, Kate, and Jay,

Nice meeting you all earlier.  ==We spoke with our client, and if you can provide your clients' current (or last-used) display names, we should be able to trace them to the underlying user IDs associated with the account.==  If any of your clients don't know their current display names, we can try another method, such as an email address.

To give us time as you consider this request, we propose adopting a briefing schedule that adds a week for us to file the motion and a week to both the opposition and reply.  That's a total of 3.5 weeks for the opposition and 2 weeks for the reply.  For our schedules, we propose an August 11 hearing but could also make August 18 work.  Although it would be difficult for our schedules, we might be able to do August 4 if necessary.

Attached is a stipulation that reflects that schedule.  The stip also sets a date for a further responsive pleading, as discussed on the meet and confer.  Please let us know if it is acceptable or if you have proposed edits.

Thank you,

Jeremy

**Jeremy S. Smith**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7973 • Fax +1 213.229.6973
JSSmith@gibsondunn.com • www.gibsondunn.com

---

**From:** Fuster, Patrick J. <PFuster@gibsondunn.com>
**Sent:** Thursday, June 2, 2022 9:51 AM
**To:** Karl Kronenberger <karl@krinternetlaw.com>; Kate Hollist <kate@krinternetlaw.com>
**Cc:** Smith, Jeremy S. <JSSmith@gibsondunn.com>
**Subject:** RE: Keebaugh v. Warner Bros. - Meet and Confer

Thanks, Karl, that would be great.  See you then.

**Patrick J. Fuster**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7117 • Fax +1 213.229.6117
PFuster@gibsondunn.com • www.gibsondunn.com

---

**From:** Karl Kronenberger <karl@krinternetlaw.com>
**Sent:** Thursday, June 2, 2022 9:45 AM
**To:** Fuster, Patrick J. <PFuster@gibsondunn.com>; Kate Hollist <kate@krinternetlaw.com>
**Cc:** Smith, Jeremy S. <JSSmith@gibsondunn.com>
**Subject:** RE: Keebaugh v. Warner Bros. - Meet and Confer

**[WARNING: External Email]**

Hi Patrick,

So sorry for the delayed response.

Tomorrow at 11:00 will be fine. Shall I provide a Zoom link?

Very best,

Karl

---

**From:** Fuster, Patrick J. <PFuster@gibsondunn.com>
**Sent:** Thursday, June 2, 2022 9:37 AM
**To:** Karl Kronenberger <karl@krinternetlaw.com>; Kate Hollist <kate@krinternetlaw.com>
**Cc:** Smith, Jeremy S. <JSSmith@gibsondunn.com>
**Subject:** RE: Keebaugh v. Warner Bros. - Meet and Confer

Hi Karl and Kate,

Just following up on this.  Would the two of you be available tomorrow at 11:00 AM or 4:00 PM for the meet and confer?  We also may be able to do Monday afternoon if neither time works for you.

Many thanks,
Patrick


**Patrick J. Fuster**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7117 • Fax +1 213.229.6117
PFuster@gibsondunn.com • www.gibsondunn.com

---

**From:** Fuster, Patrick J. <PFuster@gibsondunn.com>
**Sent:** Tuesday, May 31, 2022 12:47 PM
**To:** Karl Kronenberger <karl@krinternetlaw.com>; Kate Hollist <kate@krinternetlaw.com>
**Cc:** Smith, Jeremy S. <JSSmith@gibsondunn.com>
**Subject:** Keebaugh v. Warner Bros. - Meet and Confer

Hi Karl and Kate,

Could you please let us know your availability this week and next Monday for a meet and confer pursuant to Local Rule 7-3?  ==And to facilitate our discussions about our forthcoming motion to compel arbitration, would you be able to inform us of the plaintiffs' usernames (and if applicable, the email addresses) that they registered with Game of Thrones: Conquest?==  Happy to discuss more if you have any questions.

Thank you,

Patrick


**Patrick J. Fuster**

# GIBSON DUNN

7
Exhibit B - 16

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7117 • Fax +1 213.229.6117
PFuster@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.