CHRISTOPHER CHORBA, SBN 216692
   cchorba@gibsondunn.com
JEREMY S. SMITH, SBN 283812
   jssmith@gibsondunn.com
PATRICK J. FUSTER, SBN 326789
   pfuster@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

*Attorneys for Defendant*
*Warner Bros. Entertainment Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHARISSA KEEBAUGH, STEPHANIE NEVEU, HEATHER MERCIERI, SOPHIA NICHOLSON, and P.W., by and through JOIE WEIHER,<br><br>Plaintiffs,<br><br>v.<br><br>WARNER BROS. ENTERTAINMENT INC., a Delaware corporation,<br><br>Defendant. | CASE NO. 2:22-CV-01272-MEMF (AGRx)<br><br>**STIPULATION TO ENTER STAY PENDING APPEAL**<br><br>**Hearing:**<br>Date:   January 19, 2023<br>Time:   10:00 a.m.<br>Place:   Courtroom 8B<br>Judge:  Hon. Maame Ewusi-Mensah Frimpong |

Pursuant to Local Rule 7-1, Plaintiffs Charissa Keebaugh, Stephanie Neveu, Heather Mercieri, Sophia Nicholson, and P.W. (collectively "Plaintiffs") and Defendant Warner Bros. Entertainment Inc., by and through their respective counsel of record, stipulate and agree as follows:

WHEREAS, Plaintiffs filed their complaint on February 24, 2022 (Dkt. 1);

WHEREAS, Plaintiffs filed their first amended complaint on May 23, 2022 (Dkt. 39);

WHEREAS, Defendant responded to the complaint by moving to compel arbitration (Dkt. 41), and the Court denied Defendant's motion on October 13, 2022 (Dkt. 52);

WHEREAS, pursuant to 9 U.S.C. § 16(a)(1)(B), Defendant noticed an appeal of this decision on October 20, 2022 (Dkt. 54);

WHEREAS, the parties conferred on October 27 to discuss, among other things, Defendant's anticipated motion to stay all proceedings pending the appeal;

WHEREAS, although these discussions continued, Defendant filed a motion to stay all proceedings pending its appeal on November 10, 2022, arguing that the case should be stayed under *Nken v. Holder*, 556 U.S. 418 (2009), because the appeal raises serious legal questions, Warner Bros. would be irreparably harmed absent a stay, Plaintiffs would suffer no prejudice, and the public interest favors a stay; and that the case should also be stayed under *Landis v. North American Co.*, 299 U.S. 248 (1936), as a matter of judicial economy (Dkt. 61);

WHEREAS, Plaintiffs intended to oppose Defendant's motion to stay;

WHEREAS, the parties continued to negotiate a potential compromise on Defendant's motion to stay that would allow the motion to be unopposed;

WHEREAS, after further discussions, Plaintiffs have agreed not to oppose, and instead to consent to, a stay of the current proceedings pending Defendant's appeal, in exchange for limited discovery and the other terms described in this Stipulation;

WHEREAS, the parties expressly agree that the exchange of this information does not waive Defendant's right to pursue individual arbitration through all available means, including on appeal, and that Plaintiffs will not make such an argument in this matter;

WHEREAS, the parties agree to exchange initial disclosures within 28 days after filing of this stipulation;

WHEREAS, the parties agree to a limited production of agreed-upon categories of documents and information: specifically (1) Defendant will conduct a reasonable search and review of all board minutes and board materials for WB Entertainment Inc. and WB Games Boston Inc. during the putative class period, to the extent such documents exist, and produce documents from these board meetings related to the Game of Thrones: Conquest mobile game, (2) Defendant will provide the revenues during the putative class period for the packs identified in the complaint, (3) Defendant will identify to Plaintiffs any third parties involved in the marketing of in-app purchases and Plaintiffs may issue a document-only subpoena to a maximum of five such third parties, (4) Defendant will send preservation notices to any third parties involved in the marketing of in-app purchases for the Game of Thrones: Conquest mobile game, (5) Plaintiffs will produce information that will allow Warner Bros. to identify their accounts, and Warner Bros. will then produce all records related to the named plaintiffs in its possession, including any correspondence with customer support, records of in-game purchases, etc., and (6) both sides will exchange a list of custodians (from their initial disclosures) whose data will be preserved for the future exchange of electronically stored information (ESI), and Defendant will transfer the data of five of these custodians to a third-party vendor;

WHEREAS, Defendant will prepare a draft protective order and ESI protocol to govern the production of documents and information within 28 days after the filing of this Stipulation;

WHEREAS, the parties agree that, for the purposes of judicial efficiency, the current proceedings, including all motion practice, depositions, and/or discovery (with the limited exceptions described herein), should be stayed pending Defendant's appeal;

WHEREAS, Defendant's deadline to file a responsive pleading to Plaintiffs' first amended complaint will be extended until 28 days after the stay is lifted;

WHEREAS, good cause exists for the stay for the reasons set forth in Defendant's motion to stay and because the parties have agreed to the stay in exchange for limited discovery and the other terms described in this Stipulation;

WHEREAS, this Stipulation shall not waive any rights, arguments, or defenses of either Party, and Defendant continues to assert that Plaintiffs' claims should be decided in an arbitral forum;

Gibson, Dunn & Crutcher LLP

IT IS HEREBY STIPULATED AND AGREED THAT:

1. The current proceedings, including all motion practice, depositions, and/or discovery (with the limited exceptions described herein), should be stayed pending Defendant's appeal from the order denying its motion to compel arbitration until the Ninth Circuit issues its mandate in No. 22-55982;

2. The parties shall exchange initial disclosures within 28 days after filing of this stipulation;

3. The parties shall make a limited production of agreed-upon categories of documents and information as described above;

4. Providing the information in paragraphs 2 and 3 does not in any way waive Defendant's right to pursue individual arbitration through all available means, including on appeal;

5. Defendant will prepare a draft protective order and ESI protocol to govern the production of documents and information within 28 days after filing of this stipulation;

6. Defendant's deadline to file a responsive pleading to Plaintiffs' first amended complaint will be extended until 28 days after the stay is lifted; and

7. This Stipulation shall not waive any rights, arguments, or defenses of either Party, and Defendant continues to assert that Plaintiffs' claims should be decided in an arbitral forum.

**IT IS SO STIPULATED.**

| | |
|---|---|
| Dated: November 28, 2022 | GIBSON, DUNN & CRUTCHER LLP |
| | By:    */s/ Christopher Chorba*<br>        Christopher Chorba |
| | *Attorney for Defendant Warner Bros. Entertainment, Inc.* |
| Dated: November 28, 2022 | POLLOCK COHEN LLP |
| | By:    */s/ Raphael Janove*<br>        Raphael Janove |
| | *Attorney for Plaintiffs Charissa Keebaugh, Stephanie Neveu, Heather Mercieri, Sophia Nicholson, and P.W.* |

**ECF ATTESTATION**

I, Christopher Chorba, hereby attest pursuant to Local Rule 5-4.3.4(a)(2) that the concurrence in the filing of this document has been obtained by the above signatories.

Dated: November 28, 2022

                                              */s/ Christopher Chorba*
                                                 Christopher Chorba