1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                        CENTRAL DISTRICT OF CALIFORNIA

10

11    CHARISSA KEEBAUGH, et al.,                Case No.:  2:22-cv-01272-MEMF(AGRx)

12                          Plaintiffs,          **PROTECTIVE ORDER [ECF NO. 65]**

13              v.

14

15    WARNER BROS. ENTERTAINMENT INC.,
      a Delaware corporation,

16
                          Defendant.

17

18

19          On March 10, 2023, the parties filed a joint stipulation for entry of a protective order.  The

20    Court having considered the parties' stipulation, hereby GRANTS the stipulation and ORDERS entry

21    of the following protective order:

22    **I.       GOOD CAUSE STATEMENT**

23          This action is likely to involve trade secrets, customer lists, and other valuable research,

24    development, commercial, financial, technical, pricing, and/or proprietary information for which

25    special protection from public disclosure and from use for any purpose other than prosecution of this

26    action is warranted.  Such confidential and proprietary material and information consists of, among

27    other things, confidential business or financial information, including game technology, pricing

28    schemes, and design information; information regarding confidential business practices, or other

                                                     1

confidential research, development, or commercial information (including information implicating the privacy rights of third parties); and information generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law, including, but not limited to, the personal and private information of the parties and their customers, employees, and other individuals.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over the confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address the handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this action.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good-faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record in this case.

As reflected by the parties' stipulation and the Court's order, this stipulation does not "in any way waive Defendant's right to pursue individual arbitration through all available means, including on appeal." (Dkt. 62 at 1.)  Defendant continues to assert that Plaintiffs' claims should be decided in arbitration.

Accordingly, Plaintiffs Charissa Keebaugh, Stephanie Neveu, Heather Mercieri, Sophia Nicholson, and P.W. (collectively "Plaintiffs") and Defendant Warner Bros. Entertainment Inc., by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Stipulated Protective Order Regarding Confidential Information (hereinafter, "Order").

**II.     PURPOSE**

This Protective Order ("Order") shall govern the handling of documents, data, and other materials exchanged during discovery, including, but not limited to, hard-copy documents and electronically stored information, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, responses to requests for the production of documents, and all other pretrial discovery obtained by or from a party in connection with this action.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge that this Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets out the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**III.    DEFINITIONS**

1.    Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Order.

2.    CONFIDENTIAL Information:  Information or material that a Designating Party believes, in good faith, embodies, contains or reflects confidential information or material that is used by the Designating Party in, or pertaining to, its business, which information or material is not generally known and which the Designating Party would normally not reveal to third parties, including but not limited to confidential commercial, proprietary, technical, business, financial, sensitive or private information or material.

3.    Counsel (without qualifier):  Outside Counsel of Record and In-house Counsel, as well as the support staff of each.

4.    Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.    Discovery Material:  Any document, material, item, testimony, information, or thing produced, disclosed, served, or generated in connection with the discovery process or disclosures in this case, regardless of the medium or manner in which it is generated, including without limitation initial disclosures; responses to requests for production; expert reports; declarations; affidavits; and deposition testimony, transcripts, and video; and all copies, extracts, summaries, compilations, presentation by Parties or counsel to or in court, designations, and portions thereof.

6.    Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its Counsel to serve as an expert witness or consultant

in this action (as well as their employees and support staff assisting with this action).

7.   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another party or non-party would create a substantial risk of serious harm and competitive or business injury to the Producing Party that could not be avoided by less restrictive means.  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items include, but are not limited to, as well as non-public product design and testing information or sensitive, highly confidential, non-public information consisting of either trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information (including information regarding business plans, technical data, and non-public designs).  Certain "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items may compel alternative or additional protections beyond those afforded to other Protected Material, in which event the Parties shall meet and confer in good faith and, if unsuccessful, shall move the Court for appropriate relief.

8.   In-house Counsel:  Attorneys who, in their capacity as attorneys, are employees of a Party.  In-House Counsel does not include Outside Counsel or any other counsel.

9.   Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.  References to "Party," "Receiving Party," "Producing Party," or "Designating Party" are intended to include Non-Parties.

10.   Outside Counsel:  Attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appears on behalf of that Party, and includes support staff.

11.   Party:  Any party to this action, including its officers, directors, and employees.

12.   Producing Party:  A Party or Non-Party that produces Discovery Material in this action.

13.   Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

14.   Protected Material:  Any Discovery Material designated as "CONFIDENTIAL" or

4

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and any information copied or extracted therefrom, including all copies, excerpts, summaries, compilations, testimony, conversations, or presentations that disclose, incorporate, or reflect the content of such materials.

15.    Receiving Party:  A Party or Non-Party that receives Disclosure or Discovery Material from a Producing Party.

**IV.    SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material, including notes, lists, memoranda, indices, or other materials prepared from or based on an examination of Protected Material that quote from or paraphrase Protected Material with such specificity that the Protected Material can be identified; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial, which shall be separately agreed upon by the Parties.

**V.    DURATION**

The confidentiality obligations imposed by this Order shall remain in effect until modified, superseded, or terminated by consent of the Parties or by order of the Court.  Unless otherwise ordered or agreed upon by the Parties, this Order shall survive the later of (1) termination of this action (in court or arbitration), with or without prejudice; or (2) final judgment (in court or arbitration) herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  The Court retains jurisdiction even after final termination of this action to enforce this Order and to make such amendments, modifications, deletions, or additions to this Order as the Court may from time to time deem appropriate.

**VI.    DESIGNATING PROTECTED MATERIAL**

**A.    Exercise Of Care In Designating Material For Protection**

Each Party or Non-Party that designates information or items for protection under this Order

must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Any Producing Party may designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the Producing Party reasonably believes that such Material contains non-public, confidential, personal, proprietary, or commercially sensitive information that requires the protections provided by this Order.  The Designating Party bears the burden of establishing the appropriate designation of Discovery Material.  The designation of any Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order constitutes verification by the Designating Party and its Counsel that they believe the Material qualifies as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items, as defined in this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.  If it comes to a Designating Party's attention that information or items it designated for protection do not qualify for protection at all or for the level of protection initially asserted, the Designating Party shall promptly notify all other Parties that it is withdrawing the mistaken designation.

**B.     Manner And Timing Of Designations**

Except as otherwise provided in this Order or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires the following:

1.     <u>TIFF Documents</u>.  For Discovery Material produced in imaged format (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings),

the Producing Party shall affix a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend, as appropriate, to each page that contains Protected Material.

2.    <u>Native Documents</u>.  For Discovery Material produced in native format, the Producing Party shall include a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, as appropriate, in the filename.

3.    <u>Documents For Inspection</u>.  A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, and before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material.

4.    <u>Deposition Testimony</u>.  For testimony given in depositions, confidential treatment may be invoked by designating specific pages and/or lines as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the record at the deposition.  Alternatively, within thirty (30) days of receipt of the final certified transcript of any deposition, any Party or Non-Party may request that the original and all copies of the deposition transcript, in whole or in part, may be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  All deposition transcripts shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for thirty (30) days following receipt of the transcript.

The Producing Party shall have the right to exclude from attendance at a deposition in this action, during such time as Protected Material is to be disclosed, any person other than the deponent not authorized to receive that specific Designated Material pursuant to the terms of this Order.

5.    <u>Non-Written Materials</u>.  For information produced in form other than document and for any other tangible items (e.g., videotape, audiotape, computer disk, etc.), the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information is stored the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

legend, as appropriate.  In the event a Receiving Party generates any hard-copy transcription or printout from any non-written Protected Material, the person who generates such hard-copy transcription or printout shall take reasonable steps to maintain the confidentiality of that Material and properly identify and stamp each page of such Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" consistent with the original designation by the Producing Party.

### C.    Inadvertent Failure To Designate

The failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not constitute a waiver of such designation, and may be remedied by timely written notice upon discovery of the disclosure, with the effect that such material will be subject to the protections of this Order.  To the extent material was not marked with the appropriate legend, and is remedied in accordance with this provision, the Receiving Party will use best efforts to destroy all mismarked versions and use the appropriately marked versions instead.

If at any time prior to trial of this action a Party realizes that previously produced Discovery Material should be upward designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Party may so designate by advising all other Parties in writing and by producing replacement documents or material with the appropriate designation as described above. The designated documents or material will thereafter be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, pursuant to this Order.  Upon receipt of such designation in writing and reproduction of the material with the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend, the Parties and other persons subject to this Order shall take reasonable and appropriate steps to notify any and all recipients of the  Discovery Material about the protected status of the newly designated Material, and to retrieve the newly designated Material from any person who is not permitted by this Order to have "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.

**D.    Designation By Parties Other Than The Producing Party**

In the event that any material that a Party believes in good faith should be designated with a more protective designation than as produced or disclosed by a Non-Party (e.g., "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" where the Non-Party has designated it "CONFIDENTIAL," or "CONFIDENTIAL" where the Non-Party has not provided a designation), any Party (the "Noticing Party") may give written notice of what it believes to be the appropriate designation to the Non-Party and all other Parties within thirty (30) days of discovery of the allegedly insufficient designation (or as otherwise agreed by the Parties), together with a copy of the subject material with what it believes to be the appropriate confidentiality designation.  Upon receipt of such notice, the Parties shall comply with the Noticing Party's proposed designation, and upon receipt of replacement material from the Non-Party with such designation, the Parties shall destroy all copies of such undesignated or under-designated Non-Party material in their custody or possession, including notes and extracts thereof, and (i) make no further disclosure of such undesignated material except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such undesignated material of the terms of this Order; and (iii) take reasonable steps to reclaim any such undesignated or under-designated material, and notes and extracts thereof, in the possession of any person not permitted access to such information under the terms of this Order.  Nothing herein shall prevent a Party from contesting a Producing Party's or Noticing Party's requested confidentiality designations pursuant to Section VII below.

**VII.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**A.    Timing Of Challenges**

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

No Party receiving material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be under any obligation to object to the designation of such material at the time such designation is made, or at any time thereafter.  No Party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

### B.  Manner Of Challenges

A Party or Non-Party objecting to the designation of any material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall give written notice to the Designating Party.  Upon receipt of the written objection, Counsel for the Designating Party shall, within fourteen (14) days, provide a written response to the Challenging Party explaining the basis and supporting authority for the designation; otherwise, the challenged document or material shall be deemed no longer "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" without a Court order.  The Parties shall meet and confer in good faith to attempt to resolve the dispute without resort to Court intervention.  If the Challenging Party and the Designating Party cannot resolve their dispute, within fourteen (14) days after the Parties have reached an impasse after meet-and-confer efforts, the Challenging Party shall file and serve a motion to challenge confidentiality pursuant to Local Rule 37.1 et seq.  The Designating Party has the burden of establishing that the document is entitled to protection.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions.

Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.  In the event the Court rules that the challenged material is not entitled to the protections provided by this Order, the Designating Party shall reproduce copies of all material so designated without a confidentiality legend at the Designating Party's expense within thirty (30) days.

## VIII.  ACCESS TO AND USE OF PROTECTED MATERIAL

### A.  Basic Principles

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this action only for prosecuting, defending, or attempting to settle this action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the action has been terminated, a Receiving Party must comply with the provisions of Section XIV below.

1    Protected Material must be stored and maintained by a Receiving Party at a location and in a

2    secure manner that ensures that access is limited to the persons authorized under this Order.

3    **B.    Disclosure of "CONFIDENTIAL" Information**

4    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

5    Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

6    1.    The Court and its personnel, including judges, magistrates, secretaries, special masters,

7    staff, stenographic and court reporters, and all other personnel necessary to assist the Court in its

8    function, and the jury;

9    2.    Any mediator or settlement officer, and their supporting personnel, mutually agreed

10   upon by any of the Parties engaged in settlement discussions;

11   3.    The Receiving Party's Outside Counsel, as well as (i) employees of the Outside

12   Counsel to whom it is reasonably necessary to disclose the information for this action, and (ii) contract

13   attorneys, if any, hired by Outside Counsel to perform document review functions on behalf of and at

14   the direction of Outside Counsel provided that such contract attorneys have signed the

15   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

16   4.    The officers, directors, and employees (including In-house Counsel) of the Receiving

17   Party to whom disclosure is reasonably necessary for this action, provided that such individuals have

18   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19   5.    Professional Vendors (as defined in this Order) to whom disclosure is reasonably

20   necessary for this action and who have signed the "Acknowledgment And Agreement To Be Bound"

21   attached as Exhibit A hereto;

22   6.    Experts (as defined in this Order) of the Receiving Party to whom disclosure is

23   reasonably necessary for this action and who have signed the "Acknowledgment And Agreement To

24   Be Bound" attached as Exhibit A hereto;

25   7.    The author or recipient(s) of a document (including persons "CC'd" or "BCC'd")

26   containing the information, to the extent the identities of such author or recipient(s) is apparent from

27   the document or metadata;

28   8.    During their depositions in this action, witnesses and attorneys for witnesses to whom

disclosure is reasonably necessary, provided that they sign the "Acknowledgment And Agreement To Be Bound" attached as Exhibit A hereto.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

**C.     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the persons identified and subject to the conditions set forth above in Section B(1)–(3), (5)–(8), and In-House Counsel.

To the extent a Designating Party believes in good faith that any HIGHLY CONFIDENTIAL Information cannot be disclosed to a Receiving Party's retained Expert(s) without unduly prejudicing the Designating Party, the Designating Party may seek an order from the Court barring the Receiving Party's disclosure of any such HIGHLY CONFIDENTIAL Information to its retained Expert(s).

Notwithstanding a HIGHLY CONFIDENTIAL designation, each Party reserves the right to approach the other about particular documents and/or categories of documents that it believes in good faith it needs to show certain individuals in order to adequately prepare its case, and the responding party will consider that request in good faith.  If the parties cannot come to an agreement on particular documents or categories of documents, the Receiving Party may raise the issue with the Court in light of this Order.

**D.     Non-Disclosure Agreement**

Each person identified in Section B(5)–(6), (8) and Section C to whom Protected Information is disclosed shall execute a non-disclosure agreement in the form of the "Acknowledgment and Agreement to be Bound," attached as Exhibit A hereto, before receiving Protected Material.  Copies of the executed Exhibit A shall be retained by Counsel disclosing Protected Material to such person.

**IX.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must (1) promptly notify in writing the Designating Party; such written notice must include a copy of the subpoena or court order, and the date set for the production of the subpoenaed information; (2) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order; such written notice must object to the production of Protected Material on the grounds that it is subject to the protections provided by this Order, and include a copy of this Stipulated Protective Order; and (3) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material**,** and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**X.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

Any Party issuing a subpoena to a Non-Party shall enclose a copy of this Protective Order with a request that, within twenty-one (21) days, the Non-Party either request the protection of this Order or notify the issuing Party that the Non-Party does not need the protection of this Order or wishes to seek different protection.  If the Non-Party requests the protection of this Order, the terms of the Order are applicable to information the Non-Party produces in this action that it designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties is protected by the remedies and relief provided by this Order.

1    Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional

2    protections.

3    **XI.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

4         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material

5    to any person or in any circumstance not authorized under this Order, the Receiving Party must

6    immediately (1) notify in writing the Designating Party of the unauthorized disclosures; (2) use its

7    best efforts to retrieve all unauthorized copies of the Protected Material; (3) inform the person or

8    persons to whom unauthorized disclosures were made of all the terms of this Order; and (4) request

9    such person or persons to execute to "Acknowledgement And Agreement To Be Bound" attached

10   hereto as Exhibit A.

11   **XII.    FINAL TERMINATION**

12        Upon final termination of this action (whether in court or arbitration), including any and all

13   appeals, Counsel for each Party shall return all Protected Material, including any copies, excerpts, and

14   summaries thereof, or shall destroy same at the option of the Receiving Party, and shall purge all such

15   information from all machine-readable media on which the Protected Material resides.

16   Notwithstanding the foregoing, Counsel for each Party may retain all pleadings, briefs, memoranda,

17   discovery responses, deposition transcripts, deposition exhibits, expert reports, motions, and other

18   documents filed with the Court that refer to or incorporate Protected Material, and will continue to be

19   bound by this Order with respect to all such retained information.  In addition, attorney work product

20   that contains Protected Material need not be destroyed, but the person in possession of the attorney

21   work product will continue to be bound by this Order with respect to all such retained information.

22   **XIII.   MISCELLANEOUS**

23        **A.    Right To Further Relief**

24        Nothing in this Order shall be construed to prohibit the Parties from agreeing to modify any

25   provision of this Order or seeking relief from the Court.  Nor shall anything in this Order or any Party's

26   compliance herewith be construed as a waiver of any Party's rights under applicable law.  Any

27   violation of this Order may be punished by any and all appropriate measures, including, but not limited

28   to, contempt proceedings and/or monetary sanctions.

1

**B.      Right To Assert Other Objections**

2           By stipulating to the entry of this Order, no Party waives any right it otherwise would have to

3    object to disclosing or producing any information or item on any ground not addressed in this Order.

4    Similarly, no Party waives any right to object on any ground to use in evidence of any of the material

5    covered by this Order.

6

**C.      Filing Protected Material**

7           A Party that seeks to file Protected Material under seal in Court must comply with Local Rule

8    79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing

9    of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is

10   denied by the Court, then the Receiving Party may file the information in the public record unless

11   otherwise instructed by the Court.  To avoid unnecessary sealing of Court records and motion practice

12   relating to sealed filings, any Party preparing a filing with the Court that may contain Protected

13   Material may identify to the Producing Party or Non-Party the specific Protected Material at issue and

14   request a waiver of the confidentiality protections for that specific Protected Material.  Upon receipt

15   of such a request to waive confidentiality protections, the Producing Party or Non-Party shall respond

16   in good faith within three (3) business days.

17

18

19

20          IT IS SO ORDERED.

21

22   Dated:  May 8, 2023 _____

23                                        HONORABLE ALICIA G. ROSENBERG

24                                        United States Magistrate Judge

25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [insert date] in the case of *Keebaugh et al. v. Warner Bros. Entertainment Inc.*, No. 2:22-cv-01272-MEMF (AGRx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____